IN THE MATTER OF THE APPLICATION OF JOHN R. LONGO FOR A WRIT OF CERTIORARI.

Argued October 4, 1938—Decided February 3, 1939.

Before Justices CASE, DONGES and PORTER.

For the application, *Abraham J. Isserman* and *Vito Marcantonio* (of the New York bar).

*Contra, Daniel O'Regan* and *Atwood C. Wolf.*

PER CURIAM.

This is an application for *certiorari* to review an order of the Hudson County Court of Quarter Sessions denying a new trial to the defendant in a criminal case which was sought on the ground of newly discovered evidence. The alleged newly discovered evidence had to do with charges of false swearing by certain jurors when examined upon their *voir dire,* challenges for bias and prejudice having been interposed.

We have examined the proofs submitted and deem the grounds upon which the writ is sought to be without merit.

However, an important question is the propriety of reviewing an order denying a new trial by *certiorari*. No precedent is cited for such procedure, prosecutor taking the position that the matter is not reviewable on writ of error and, therefore, it must be reviewable by *certiorari*.

We think not. The orders of a court of common law jurisdiction in the exercise of its judicial functions are reviewable by appeal after final judgment, and not by *certiorari*. *Taylor Provision Co.* v. *Adams Express Co.,* 72 *N. J. L.* 220. Where a court sits as a special statutory tribunal and not in the exercise of its common law jurisdiction, *certiorari* is a proper remedy. *Eder* v. *Hudson County Circuit Court,* 104 *Id.* 260. And the proceedings of an inferior tribunal are reviewable on *certiorari* where it exceeds its jurisdiction. *Meller* v. *Kaighn,* 89 *Id.* 543; *Rutherford National Bank* v. *McKenzie,* 120 *Id.* 594. But neither of these elements is present in the case under consideration.

We conclude that the order sought to be brought up, if reviewable at all and to whatever extent reviewable, is reviewable on writ of error and not by *certiorari*. The application is denied.